**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Betty Annette WATKINS,
Defendant–Appellant.**

**No. 01–3323.**

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 2002.

Before MURPHY, ANDERSON, and
HARTZ, Circuit Judges.

**ORDER AND JUDGMENT** *

STEPHEN H. ANDERSON, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Defendant seeks review of the district
court's denial of her motion to vacate her
sentence filed pursuant to 28 U.S.C.
§ 2255. The motion challenged her sentence based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S.
466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000).[1] The district court did not reach
the merits of defendant's claim, but instead held that *Apprendi* does not apply

retroactively to a first motion brought pursuant to § 2255.

Defendant was charged with conspiracy
to possess with intent to distribute 50
grams or more of cocaine base in violation
of 21 U.S.C. § 846 (Count 1) and possession with intent to distribute 16.97 grams
of cocaine base in violation of 21 U.S.C.
§ 841(a)(1) (Count 2). Following her conviction by a jury, she was sentenced to
concurrent terms of 270 months' imprisonment for each count. On direct appeal,
her convictions and sentences were affirmed. *United States v. Watkins*, No. 97–
3216, 1999 WL 609542 (10th Cir. July 28,
1999). She then filed a motion for a new
trial, which the district court denied. On
appeal, this court affirmed that denial.
*United States v. Watkins*, No. 00–3301,
2002 WL 241285 (10th Cir. Feb.20, 2002),
*petition for cert. filed* (July 1, 2002) (No.
02–5140).

Defendant filed this § 2255 action while
her appeal from the denial of the motion
for new trial was still pending, alleging she
received ineffective assistance of trial
counsel and that her sentence violated the
rule set forth in *Apprendi*. The district
court denied relief as to both claims. Defendant addresses only the *Apprendi* sentencing issue in her brief. We therefore
deem the challenge to trial counsel's effectiveness waived. *See State Farm Fire &
Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7
(10th Cir.1994).

In order to proceed with her appeal,
defendant needs a certificate of appealabil-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

1. Defendant's argument is that the jury was
not instructed that the drug quantity was an

element of either of the two charges against
her. R. Vol. I, doc. 97 at 11. The Court in
*Apprendi*, 530 U.S. at 490, held that "[o]ther
than the fact of a prior conviction, any fact
that increases the penalty of a crime beyond
the prescribed statutory maximum must be
submitted to a jury, and proved beyond a
reasonable doubt."

ity, which requires that she make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(b)(2). The district court denied relief on the ground that although this court had not spoken to the question of whether an *Apprendi* claim could be raised on an initial § 2255 motion, several circuits had ruled that a defendant could not raise this particular challenge "in a § 2255 motion because it contravenes the rules established in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)." R. Vol. I, doc. 97 at 11.

Defendant would press two arguments on appeal: (1) *Apprendi* applies in a first § 2255 motion either because it is a substantive rather than a procedural rule, or, alternatively, because it constitutes a "watershed" decision under *Teague;* and (2) the novelty of *Apprendi* and the effect of the error in her case establish cause and prejudice permitting the claims to be raised for the first time under § 2255.

As to the first issue, we have recently treated *Apprendi* as establishing a new rule of procedural, not substantive, criminal law. *United States v. Mora,* 293 F.3d 1213, 1218–19 (10th Cir.2002). Additionally, we have held that "*Apprendi* is not a watershed decision and hence not retroactively applicable to initial habeas petitions." *Id.* at 1219; *see also United States v. Wiseman,* 297 F.3d 975, 978 (10th Cir. 2002) (holding that *Mora* forecloses argument that *Apprendi* was a watershed decision); *Cannon v. Mullin,* 297 F.3d 989, 994 (10th Cir.2002) (holding that *Mora's* determination that *Apprendi* announced rule of criminal procedure forecloses argument that subsequent case of *Ring v. Arizona,* —— U.S. ——, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), announced rule of substantive criminal law).

With respect to the second issue, defendant claims that her *Apprendi* issue falls within the category of novel claims that may be raised for the first time in a collateral proceeding. The circuits that have directly considered this issue have all found that the argument that drug quantity is an offense element rather than a sentencing factor is not novel. *See United States v. Moss,* 252 F.3d 993, 1001–03 (8th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *Valenzuela v. United States,* 261 F.3d 694, 700 n. 2 (7th Cir.2001) (holding that novelty of *Apprendi* not cause for failure to raise issue earlier because foundation for *Apprendi* laid long before 1992); *United States v. Sanders,* 247 F.3d 139, 145–46 (4th Cir.) (agreeing with Seventh Circuit that *Apprendi* claim not novel and therefore not cause for procedural default), *cert. denied,* —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001); *McCoy v. United States,* 266 F.3d 1245, 1258–59 (11th Cir. 2001) (agreeing with other circuits that *Apprendi* not novel and therefore not cause for procedural default), *cert. denied,* —— U.S. ——, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002). We agree that the *Apprendi* claim defendant asserts here is not novel. Therefore, defendant cannot raise her *Apprendi* claim for the first time in this § 2255 proceeding.

Because defendant has failed to show the denial of a constitutional right, we DENY the request for a certificate of appealability and DISMISS the appeal.